F I L E D
CLERK OF COURT

2025 JAN 27 PM 3: 20

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. **CF0037-16** |
|  | ) GPD Report No. 15-15737 |
| vs. | ) |
|  | ) |
|  | ) |
| **MARVIN EVANGELISTA CRUZ,** | ) **DECISION & ORDER** |
| DOB: 03/21/1962 | ) **RE. PEOPLE'S MOTION TO REVOKE** |
|  | ) **DEFENDANT'S PROBATION** |
|  | ) |
|  | ) |
| Defendant. | ) |

This matter came before the Honorable Alberto E. Tolentino on October 31, 2024, for a Revocation Hearing. Defendant Marvin Evangelista Cruz ("Defendant") was present with counsel Public Defender Stephen Hattori. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

\\

# BACKGROUND

On January 22, 2016, Defendant Cruz was charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) based on events that occurred on or about June 8, 2015. Indictment (Jan. 22, 2016). On February 3, 2016, the court released the Defendant on personal recognizance at his arraignment, pending the disposition of his case. To date, the Defendant has received a total of twenty-seven violations for violating conditions of his probation

## A. Defendant Cruz's Violations while on Pre-Trial Release

While on pre-trial release, the Adult Probation Office ("Probation") filed seventeen violations against the Defendant. For the first violation, the report indicated that the Defendant tested presumptive positive for methamphetamines, which he challenged. *See* 1st Violation Report (Feb. 19, 2016). After Probation sent his sample off island for confirmatory testing, the results came back positive for methamphetamines. *Id.*

Less than a month later, Probation filed a second violation, stating that the Defendant tested presumptive positive for methamphetamines on two separate dates. *See* 2nd Violation Report (Mar. 25, 2016). After challenging both test results, Probation sent both samples off island for confirmation, which came back positive for methamphetamines again. *Id.* The court addressed both violations and sanctioned the Defendant five (5) days to be served at the Department of Corrections ("DOC"). *See* Criminal Trial Setting Mins. at 9:50:57–57:36AM (Mar. 28, 2016). On April 14, 2016, the People declared the Defendant legally eligible to participate in the Adult Drug Court Program.

On July 18, 2016, the court sanctioned the Defendant more time to serve at DOC for a third violation. *See* Further Proceedings Mins. at 9:33:17AM (July 18, 2016). Probation's third

violation report stated that the Defendant tested presumptive positive for methamphetamines on May 13, 12, and 27, 2016; and failed to report to Probation as ordered on June 6, 8, 10, 17, and 24, 2016. *See* 3rd Violation Report (July 1, 2017). However, the Defendant did admit to the positive test results through his written declaration. *Id.*

On September 19, 2016, Probation filed a fourth violation for another presumptive positive test for meth, which he also challenged back in August. *See* 4th Violation Report (Sept. 19, 2016). Again, the off-island confirmation detected methamphetamines in the Defendant's sample. *Id.* For the Defendant's fifth violation filed on October 21, 2016, Probation stated that he "failed to report to the probation office for three times weekly drug testing." *See* 5th Violation Report (Oct. 21, 2016). For the violations, the court committed the Defendant to DOC until his next hearing. *See* Further Proceedings Mins. at 9:39:16AM (Oct. 24, 2016).

After his release on October 31, 2016, Probation filed a sixth violation for testing presumptive positive for methamphetamines and marijuana (THC). *See* 6th Violation Report (Dec. 19, 2016). Rather than challenge this test, the Defendant admitted to his drug consumption through a written declaration. *Id.* However, Probation declared him clinically ineligible for the Adult Drug Court I Program on January 19, 2017. On January 31, 2017, the Defendant received another violation for testing presumptive positive for methamphetamines, which he admitted through a written declaration. *See* 7th Violation Report (Jan. 31, 2017). For the sixth and seventh violations, the court sanctioned the Defendant three days to serve at DOC. *See* Pre-Trial Conf. Mins. at 9:47:58AM (Feb. 13, 2017).

Although the Defendant was reassessed for Adult Drug Court and deemed eligible to participate in the program, Probation filed an eighth violation for testing positive for marijuana consumption, which he denied. *See* 8th Violation Report (June 23, 2017). Off-island confirmatory

testing returned back positive for marijuana. *Id.* A few months later, Probation filed another violation for failure to report three times a week in person to the Probation Office. *See* 9th Violation Report (Sept. 13, 2017). During a Violation Hearing, the court sanctioned the Defendant to serve five days at DOC for his violations. Violation Hr'g Mins. at 9:22:18–22:24AM (Sept. 20, 2017).

After serving his sanction, the Defendant received a tenth violation after testing positive for methamphetamines and opiates. *See* 10th Violation Report (Nov. 20, 2017). After challenging Probation's test results again, off-island confirmatory testing still came back positive results for both methamphetamine and opiates. *Id.* After serving his sanction at DOC for this violation, Probation filed eleventh and twelfth violations for the Defendant's failure to report three times a week. *See* 11th Violation Report (Dec. 29, 2017); *see also* 12th Violation Report (Jan. 18, 2018). The court subsequently issued a bench warrant for the Defendant's arrest on January 26, 2018, which was eventually returned on February 13, 2018.

At a Return of Warrant hearing, the court vacated the Defendant's bench warrant but sanctioned him thirty days to serve at DOC for the violations. *See* Return of Warrant Hr'g Mins. at 1:27:35–27:56PM (Feb. 14, 2018). Despite being auto-released after completing his sanction, the Defendant received a thirteenth violating after failing = to report to Probation upon his release. *See* 13th Violation Report (Apr. 5, 2018). Upon Probation's recommendation, the court revoked his pre-trial release on April 16, 2018. *See* Violation Hr'g Mins. at 9:47:28–49:56AM (Apr. 16, 2018).

Due to a conflict of interest, the court granted the Alternate Public Defender's withdrawal from representation and appointed the Public Defender Service Corporation to represent the Defendant. upon Probation's recommendation Violation Hr'g Mins. at 10:14:41–17:05AM (Apr.

30, 2018). Probation later filed the Defendant's fourteenth violation for testing positive for methamphetamines. *See* 14th Violation Report (May 3, 2018). After the Defendant denied usage, Probation sent his sample off-island for confirmatory testing again, which ultimately returned back positive results for methamphetamine. *Id.*

Although the court released him under conditions on May 21, 2018, Probation filed the Defendant's fifteenth violation for failing to report to Probation three times a week. *See* 15th Violation Report (June 11, 2018). Even after the court warned the Defendant about his lack of reporting, Probation filed another violation for failure to report as ordered. *See* 16th Violation Report (July, 2, 2018). The Defendant remained committed at DOC until the court released him on conditions on August 23, 2018. Unfortunately, the Defendant failed to report to Probation upon his release, which led to his seventeenth violation. *See* 17th Violation Report (Sept. 13, 2018).

On September 18, 2018, the Defendant pled guilty as to the charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). However, the court deferred its acceptance of the Defendant's plea for two years. In that time, the Defendant was ordered to pay a fine and court costs, perform community service, and most importantly, participate in the Adult Drug Court I Program ("Adult Drug Court"). *See* Order After Hearing (Oct. 19, 2018).

## B. Defendant Cruz's Violations while in Adult Drug Court

During his time in Adult Drug Court, Probation filed five violations against the Defendant for failure to: report as ordered; refrain from consuming illegal controlled substances; and attend counseling. When the Defendant began his participation in Adult Drug Court on October 5, 2018, he failed to appear for his Progress Hearing scheduled for that day. As a result, the court issued a bench warrant for the Defendant's arrest for his failure to appear and a first violation filed by

Probation a day earlier. For the first violation, the report indicated that the Defendant admitted to: ingesting methamphetamines; failing to report to Probation three times a week for drug testing; and failing to attend weekly group counseling sessions. *See* 1st Violation Report (Phase I) (Oct. 4, 2018).

The bench warrant was not returned until February 21, 2019, resulting in Probation subsequently filing a second violation. This violation reported the Defendant's failure to report for almost five months and his admission to ingesting illegal controlled substances. *See* 2nd Violation Report (Phase I) (Feb. 21, 2019). Having considered the violation and Probation's recommendation, the court sanctioned the Defendant sixty days to be served at DOC with an auto-release date. *See* Return of Warrant Hr'g Mins. at 9:40:04–41:17AM (Feb. 25, 2019). Despite his release on April 22, 2019, Probation filed the Defendant's third violation for his failure to report three times a week for drug testing. *See* 3rd Violation Report (Phase I) (May 2, 2019). In the same month, Probation filed a fourth violation on the same basis as the Defendant's previous violation. *See* 4th Violation Report (Phase I) (May 30, 2019).

For his failure to appear at a scheduled Progress Hearing on May 31, 2019, the court issued a bench warrant for the Defendant's arrest. *See* Bench Warrant (June 3, 2019). Upon the warrant's return, Probation filed the Defendant's fifth violation for failing to report as ordered and testing positive for methamphetamines. *See* 5th Violation Report (Phase I) (June 13, 2019). After granting his release from DOC on June 28, 2019, the court subsequently ordered the Defendant's termination from the Adult Drug Court I Program. *See* Stipulated Order at 2 (July 1, 2019). Although the court no longer permitted any dismissal of this matter to include expungement, the court continued to defer acceptance of the Defendant's guilty plea. *Id.*

\\

## C. Defendant Cruz's Violations while on Traditional Probationary Supervision

Since the Defendant's transfer out of Adult Drug Court, Defendant Cruz received five more violations of his probationary conditions. For his first violation, Probation addressed his failure to report to Probation as instructed. *See* 1st Violation Report (Aug. 28, 2019). However, the court held the violation in abeyance to give the Defendant another chance to comply with Probation. *See* Further Proceedings Mins. at 9:55:53AM (Aug. 28, 2019). Later that day, Probation filed a second violation, citing his first positive drug test since his termination from Adult Drug Court. *See* 2nd Violation Report (Aug. 28, 2019). Probation later filed another violation for the Defendant's failure to report three times a week for drug testing. *See* 3rd Violation Report (Sept. 24, 2019).

The court addressed the second and third violations on September 24, 2019, in a Further Proceedings, which the Defendant failed to attend. Instead of issuing a warrant for his arrest, the court issued a Summons for the Defendant's appearance at his next scheduled hearing. *See* Further Proceedings Mins. at 9:55:09–56:22AM (Sept. 24, 2019). The Defendant eventually answered to his violations on November 18, 2019, which the court held in abeyance. *See* Violation Hr'g Mins. at 9:43:04–44:22AM (Nov. 18, 2019). However, Probation filed a fourth violation for the Defendant's violation of the same conditions: failing to report as ordered and testing positive for methamphetamines. *See* 4th Violation Report (Nov. 29, 2019). Although the Defendant had been consistent in admitting to his consumption of illegal controlled substances during and after his participation in Adult Drug Court, this violation marked his first challenged drug test. *Id.* Because the Defendant failed to appear for his scheduled hearing on December 2, 2019, the court issued another bench warrant for the Defendant's arrest.

The bench warrant was returned May 28, 2024, approximately five years after the court issued it. During a Progress Hearing, the court set the matter for revocation on August 29, 2024. *See* Progress Hr'g Mins. at 2:51:11PM (July 18, 2024). In turn, the People subsequently filed its Motion to Revoke the Defendant's Probation and Impose Jail Sentence ("Motion") on July 25, 2024. On August 8, 2024, the Defendant filed his Opposition to the Motion ("Opposition"). Probation also filed the Defendant's fifth violation on August 12, 2024, for his failure to report upon his release from confinement and three times a week as instructed. *See* 5th Violation Report (Aug. 12, 2024). Due to the Defendant's failure to appear at his Revocation Hearing, the court issued another bench warrant for his arrest. *See* Revocation Hr'g Mins. at 2:03:57PM (Sept. 3, 2024). After the warrant was returned on September 18, 2024, the court vacated the warrant and rescheduled the Defendant's Revocation Hearing.

At the Revocation Hearing, Probation addressed the Defendant's history in this matter and gave its recommendation to enter judgment in this deferred case and revoke the Defendant's probation. *See* Revocation Hr'g Mins. at 2:41:45–44:44PM (Oct. 31, 2024). Consistent with its Motion, the People concurred with Probation's recommendation to revoke. *Id.* at 2:44:17–44:54PM. In contrast, the Defendant justified why the court should not revoke at this time and instead requested entry of judgment and another three years of probation. *See* Revocation Hr'g Mins. at 2:46:17–46:37PM (Oct. 31, 2024). After hearing the parties' arguments, the court took the matter under advisement.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court

may sentence the defendant to any sentence that may it have originally imposed. *See* 9 GCA § 80.66(b). However, it shall not revoke probation for violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. *See* 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a Defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

**D. Defendant Cruz violated the conditions of his probation.**

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

In this case, Probation filed a total of twenty-seven violations against the Defendant: seventeen violations on pre-trial release; five violations in Adult Drug Court; and five violations under traditional probationary supervision. The court can make a factual determination that all these violations actually occurred, based on the Defendant's declarations to his consumption of illegal controlled substances; his off-island confirmatory test results for his challenged tests; and

the court's record showing his lack of contact with Probation and attendance in required court hearings. After considering the violation reports, Probation's testimony at the Revocation Hearing, and the parties' arguments, the court finds that the Defendant has violated multiple conditions of his probation on several occasions.

**B. Defendant Cruz's violations warrant revocation of probation.**

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a probation of condition to ensure the defendant remained sober. *Id.*

Unlike the probationer in *Camacho*, all of Defendant Cruz's probation conditions remain outstanding, including treatment with Guam Behavioral Health and Wellness Center, "self-help" meeting attendance, fines and fees, and court costs. *See* Revocation Hr'g Mins. at 2:42:00–42:45PM (Oct. 31, 2024). During the Revocation hearing, the Defendant acknowledged that he has been unsuccessful with probation but reasoned that he has not been charged in any new cases since his arrest in 2015. *Id.* at 2:45:40–46:59PM. The People argued in favor of revocation, stating that continuing to keep Defendant Cruz on probation would not serve the interests of the people nor the ends of justice at this time. *Id.* at 2:44:43–44:54PM.

The substantial requirement imposed as a condition in this case is the Defendant's completion of treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. The court had given the Defendant multiple opportunities before considering revocation. For instance, the court released the Defendant from DOC several times in hopes that he will comply with his probationary conditions. In addition, the court had continued to defer its acceptance of his guilty plea even when the parties agreed to terminate him from Adult Drug Court.

Instead, the Defendant left the court no choice but to issue warrants for his arrest; the most recent warrant being returned five years later. Further, the Defendant chose to challenge his positive test results at least three times before admitting to his drug use. Despite this change, he challenged another drug test after his termination from Adul Drug Court, which came back positive like the other three test results. While the court is aware of the difficulties in dealing with addiction, the Defendant cannot expect to overcome his addiction if he will not put in the effort to attend and complete treatment programs provided to him.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violation of a condition. 9 GCA § 80.66(a)(2). While the Defendant requests one last chance to complete treatment, the Defendant has shown that the court cannot rely on him to follow through with treatment based on his inconsistent reporting and absconding from the court's supervision.

In Guam, DOC provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. Rather than leave the Defendant to seek treatment on his own, the court believes that it is in the best interests of the public and will best satisfy the ends of justice to allow DOC to supervise and assist the Defendant on his path to recovery through the RSAT program.

Because Defendant Cruz has inexcusably failed to comply with treatment as a substantial condition of his probation, the court finds that revocation of his probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Motion to Revoke the Defendant's Probation and Impose Jail Sentence.

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the reasons stated above, the Court hereby **ACCEPTS** Defendant Marvin Evangelista Cruz's guilty plea as to the charge of POSSESSION OF SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) and **ENTERS** judgment in this case. The court further orders that the Defendant's probation is **REVOKED** in the above-captioned matter. The Defendant is hereby **SENTENCED** to serve **THREE (3) years** of incarceration at the Department of Corrections, Mangilao, and shall receive credit for time already served in this matter. The Court shall issue a Judgment concurrent with this Decision and Order revoking the Defendant's probation, and imposing the remainder of the Defendant's three-year sentence.

No further proceeding is scheduled before this court.

**SO ORDERED** this _____ **JAN 2 7 2025** _____ .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

___AG, POSC___

Date: 1/27/25 Time: 3:28pm

Antonio P. Cruz

Deputy Clerk, Superior Court of Guam